IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 08-00480 HG-LEK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STANFORD M. J. MANUIA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION THAT THE UNITED
STATES' PETITION TO ENFORCE IRS SUMMONS BE GRANTED**

On October 28, 2008, United States Magistrate Judge Barry M. Kurren issued an Order to Show Cause why Respondent Stanford M.J. Manuia ("Respondent") should not be compelled to obey the Internal Revenue Service ("IRS") summons served upon him.[1]  The matter came on for an order to show cause hearing before this Court on January 8, 2009 and for a further hearing on March 9, 2009.  Assistant United States Attorney Edric Ching appeared on behalf of Petitioner the United States of America ("Petitioner") and Respondent was present at both proceedings.

As of March 24, 2009, Respondent has not produced the summoned records and documents.

In order to obtain enforcement of an IRS summons, the government need only make a prima facie showing of good faith in

---

[1] Magistrate Judge Kurren filed an Order of Recusal on December 10, 2008.  This Court issued an Amended Order to Show Cause on December 12, 2008.

the issuance of the summons.  See Lidas, Inc. v. United States, 238 F.3d 1076, 1081-82 (9th Cir. 2001) (citing United States v. Powell, 379 U.S. 48 (1964)).  The instant petition and Revenue Officer Lyn Pate's declaration includes the following: 1) a description of the current investigation to collect Respondent's tax liability; 2) a statement that the requested documents are relevant to the investigation; 3) a statement that the documents are not within the IRS's possession; and 4) a statement that all administrative procedures for the issuance of the summonses were followed.  [Decl. of Revenue Officer Lyn Pate; Exhibit A at ¶¶ 2-9.]  This Court therefore FINDS that Petitioner has established a prima facie case that the summons is enforceable.  See Lidas, 238 F.3d at 1082 (setting forth the elements of a prima facie case (citing Powell, 379 U.S. at 57-58)).

Once the IRS makes the prima facie showing, the "'heavy burden'" of rebutting the presumption of good faith shifts to the taxpayer challenging the summons.  See id. (quoting United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997) (en banc)).  This is a heavy burden, leaving the taxpayer with few defenses.  See United States v. Derr, 968 F.2d 943, 945 (9th Cir. 1992).  The taxpayer must present specific facts and evidence to rebut the presumption of good faith.  See Crystal v. United States, 172 F.3d 1141, 1144 (9th Cir. 1999).  Respondent provided no legal or factual basis to disprove Petitioner's prima facie case.

Therefore, having carefully considered the Petition to Enforce IRS Summons, the arguments presented at the hearings, and the relevant legal authority, the Court RECOMMENDS that the district judge issue an order as follows:

(1)  That the IRS summons served on Respondent shall be enforced and Respondent shall obey the summons in full within thirty days after the adoption of the district judge's order;

(2)  That Respondent shall provide to the Petitioner all documents requested in the summons; and

(3)  That, should Respondent fail to fulfill either of the order's requirements, the Petitioner may move for contempt sanctions for violation of the district judge's order.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, April 6, 2009.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge


**USA V. STANFORD MANUIA; CIVIL NO. 08-00480 HG-LEK; FINDINGS AND RECOMMENDATION THAT THE UNITED STATES' PETITION TO ENFORCE IRS SUMMONS BE GRANTED**